**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FILED
U.S. DISTRICT COURT
WESTERN DISTRICT

Revised 05/01 WDNY

ALEXANDER IKEJIAKU
65 Newcastle Road
Rochester, NY 14616

**Jury Trial Demanded: Yes ✓ No____**

Name(s) of Plaintiff or Plaintiffs

-vs-

Rochester City Sch. Dist.
131 West Broad Street
Rochester, NY 14614

Name of Defendant or Defendants

**DISCRIMINATION COMPLAINT**
_____-CV-_____

07 CV 6191 T(F)

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

        **NOTE:** In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

        **NOTE:** In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

        **NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

1.    My address is: 65 Newcastle Road
      Rochester, New York 14610

      My telephone number is: (585) 482-6676 / (585) 262-8573

2.    The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: Rochester City School District
Number of employees: 6,000
Address: 131 West Broad Street
Rochester, NY 14614

3.    (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: _____
Address: _____
_____
_____

4.    I was first employed by the defendant on (date): September 25, 2000

5.    As nearly as possible, the date when the first alleged discriminatory act occurred is: _____
July 1, 2001

6.    As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): July 2003 to the present

7.    I believe that the defendant(s)

a. ✓        Are still committing these acts against me.
b. _____    Are not still committing these acts against me.
(Complete this next item **only** if you checked "b" above)  The last discriminatory act against me occurred on (date) _____

8.    (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

The date when I filed a complaint with the New York State Division of Human Rights is
_____
(estimate the date, if necessary)

I filed that complaint in (identify the city and state): _____
_____

2

The Complaint Number was: _____

9. The New York State Human Rights Commission did _____/did not _____
   issue a decision. (**NOTE**: If it **did** issue a decision, you **must attach** one copy of the
   decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the
    Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
    discriminatory conduct is: April 7, 2006 (Attachment A)

11. The Equal Employment Opportunity Commission did _____✓_____/did not _____
    issue a decision. (**NOTE**: If it **did** issue a decision, you **must attach** one copy of the
    decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue
    letter which I received on: January 18, 2007 . (**NOTE**: If it **did**
    issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the
    complaint; failure to do so will delay the initiation of your case. (Attachment B)

13. I am complaining in this action of the following types of actions by the defendants:

    a. _____ Failure to provide me with reasonable accommodations to the application
       process

    b. _____ Failure to employ me

    c. _____ Termination of my employment

    d. ___✓___ Failure to promote me

    e. _____ Failure to provide me with reasonable accommodations so I can perform the
       essential functions of my job

    f. _____ Harassment on the basis of my sex

    g. _____ Harassment on the basis of unequal terms and conditions of my employment

    h. _____ Retaliation because I complained about discrimination or harassment directed
       toward me

    i. _____ Retaliation because I complained about discrimination or harassment directed
       toward others

    j. ___✓___ Other actions (please describe) Salary inequity
       in current title. ✓

3

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

    a. __✓__ Race        f. _____ Sexual Harassment

    b. __✓__ Color        g. _____ Age

                                         _____ Date of birth

    c. _____ Sex

                                          h. ____ Disability

    d. _____ Religion        Are you incorrectly perceived as being disabled by your employer?

    e. __✓__ National Origin        ____ yes ____ no

15. I believe that I was __✓__/was not _____ **intentionally** discriminated against by the defendant(s).

16. I believe that the defendant(s) is/are __✓__ is not/are not _____ still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _____ and why the defendant(s) stopped committing these acts against you: _____
_____

17. A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim. (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18. The Equal Employment Opportunity Commission *(check one)*:
    _____ **has** **not** issued a Right to sue letter
    __✓__ **has** issued a Right to sue letter, which I received on _Jan - 18, 2007_

19. State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

    (See attachment C)
_____
_____
_____
_____
_____
_____
_____
_____

**FOR LITIGANTS ALLEGING <u>AGE DISCRIMINATION</u>**

20.    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
          _____ 60 days or more have elapsed          _____ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21.    I first disclosed my disability to my employer (or my employer first became aware of my disability on _____

22.    The date on which I first asked my employer for reasonable accommodation of my disability is _____

23.    The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

_____

_____

24.    The reasonable accommodation provided to me by my employer were \_\_\_\_\_/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: 4/13/07          _Alexander Ilijakus_
                              Plaintiff's Signature

5

# List of Attachments

Attachment A:          Original discrimination complaint filed with the EEOC.

Attachment B:          Notice of the Right to Sue Letter from the EEOC

Attachment C:          Statement of Facts (Plaintiff)

**Attachment A**

Original discrimination complaint filed with the EEOC.



**U.S. Equal Employment Opportunity Commission**
**Buffalo Local Office - 525**

6 Fountain Plaza
Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387
1-800-669-4000

RECEIVED
APR 1 9 2006
By_____

Respondent: ROCHESTER CITY SCHOOL DISTRICT
EEOC Charge No.: 525-2006-00343
FEPA Charge No.:

Apr 17, 2006

Alexander  Ikejiaku, PhD
65 Newcastle Road
Rochester, NY 14610

Dear Mr. Ikejiaku:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent.  Please use the "EEOC Charge No." listed above whenever you call us about this charge.  The information provided indicates that the charge is subject to:

[ X ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]    The Age Discrimination in Employment Act (ADEA)

[ ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

You need do nothing further at this time.  We will contact you when we need more information or assistance.  A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures.  If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official.  Then the agency will investigate and resolve the charge under their statute.  If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding.  To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case.  Otherwise, we will generally adopt the agency's finding as EEOC's.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home.  Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Maureen  Kielt
Investigator
(716) 551-4441

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
TDD: 1-800-669-6820
www.eeoc.gov

cc: Van Henri White
    18 Grove Place
    Rochester, NY 14605

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 525-2006-00343 |

| New York State Division Of Human Rights | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Alexander Ikejiaku, PhD** | **(585) 482-6076** | **03-10-1961** |

Street Address                              City, State and ZIP Code

**65 Newcastle Road, Rochester, NY 14610**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ROCHESTER CITY SCHOOL DISTRICT** | **500 or More** | **(585) 262-8583** |

Street Address                              City, State and ZIP Code

**131 West Broad Street, Rochester, NY 14614**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                              City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: **06-15-2005**  Latest: **06-15-2005** ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have worked for Respondent since 2000. My current position is Principal Management Analyst.

I am currently in a wage bracket wherein the range of compensation is the same as for a white employee in a lower job. On or about June 15, 2005, Respondent adjusted the bracket but refused to make an equitable wage adjustment. *(partially)* AT

I believe I and other black individuals have been denied promotion and wages provided to non-black employees in willful violation of the Civil Rights Act of 1964, as amended.

**RECEIVED**

0 7 APR 2006

**E.E.O.C. BULO**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3/31/06        *Alexander Ikejiaku* Date          *Charging Party Signature* | X *Alexander Ikejiaku* SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 3/31/06 |

LILLIAN TEDESCO
No. 01TE5005687
Notary Public State of New York
Qualified in Monroe County
My Commission Expires 12/14/2006

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Attachment B

Notice of the Right to Sue Letter from the EEOC.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Elizabeth Cadle
Director

Alexander Ikejiaku, PhD.
65 Newcastle Road
Rochester, New York 14610

Re:    Charge No. 525-2006-00343
       Alexander Ikeiaku vs. Rochester City School District

Dear Mr. Ikejiaku:

The EEOC has concluded its investigation into your allegations of discrimination. Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in violations of the laws we enforce.

In accordance with these procedures, the EEOC has evaluated this charge based on the information provided. You have stated that you believe you were discriminated against because of your race/black in that you were denied promotion and wages provided to non-black employees.

A review of the evidence revealed that you and two other Principal Management Analysts were moved from bracket "C" to bracket "B." This was not a promotion issue.  The other individuals were white therefore defeating your allegation that the change was based on race.  Additionally, other individuals, also white, were moved from bracket "B" to "D."  This move was a result of collective bargaining between the Union and the Respondent.

The evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will result in our finding of a violation.

Your Determination/Notice of Right to Sue is enclosed.  **This determination is final.**  If you wish to pursue this charge, you may file in Federal District Court within 90 days of the receipt of the enclosed Notice of Right to Sue.

Sincerely,

Date: JAN 1 6 2007

Maureen C. Kielt
Federal Investigator

Enc: Dismissal and Notice of Right to Sue

## DISMISSAL AND NOTICE OF RIGHTS

To: **Alexander Ikejiaku, PhD**
65 Newcastle Road
Rochester, NY 14610

From: **Buffalo Local Office - 525**
6 Fountain Plaza
Suite 350
Buffalo, NY 14202

| | *On behalf of person(s) aggrieved whose identity is* |
| :---: | :--- |
| ☐ | *CONFIDENTIAL (29 CFR § 1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| :--- | :--- | :--- |
| **525-2006-00343** | **Maureen Kielt,** Investigator | **(716) 551-4441** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐   While reasonable efforts were made to locate you, we were not able to do so.

☐   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

**Elizabeth Cadle,**
**Director**

JAN 1 6 2007

*(Date Mailed)*

Enclosure(s)

CC: **ROCHESTER CITY SCHOOL DISTRICT**

**Cara M. Briggs**
**Assistant Legal Counsel**
**131 West Broad Street**
**Rochester, NY 14614**

**Van Henri White, Esq.**
**18 Grove Place**
**Rochester, New York 14605**

**Attachment C**

Statement of Facts (Plaintiff).

**Attachment**

**STATEMENT OF FACTS**

Alexander Ikejiaku
vs.
Rochester City School District

The Rochester City School District has engaged in a pattern of ongoing discrimination directed at me as follows:

1. <u>**My job title has been in the wrong (lower) salary bracket ever since I was hired by the District in September of 2000.  This means that I have been in the same salary bracket as a Caucasian male employee who is two ranks below me.**</u>
   Since 2003, I had been making the point to the Rochester City School District that I should <u>not</u> be in the same pay bracket (or pay grade) with a Caucasian male employee who is in a job title that is two ranks below mine (See Exhibits A and B for the rank structure of the job title and the pay structure respectively).  I later sought the help of my union, the Association of Administrator and Supervisors of Rochester (ASAR), but did not get any support from its leadership either.  On June 15, 2005, the District conceded my point, but still <u>refused</u> to adjust my pay (Exhibit C).

The following is a description of what the District should have done vs. what it actually did:

| <u>**WHAT THE DISTRICT SHOULD HAVE DONE**</u> | <u>**WHAT THE DISTRICT ACTUALLY DID**</u> |
|---|---|
| 1.  Move both my "*title*" and its current "*placement point*" on the salary range <u>up</u> by two pay brackets to reflect the difference in rank between the titles.  In other words, the Principal Management Analyst title should have been moved from Bracket C @ 94.4%, to Bracket A @ 94.4%. | 1.  The District moved my title up by one pay bracket (instead of two), <u>**and**</u> refused to move the placement point along with it which meant that I received <u>**ZERO**</u> dollars in pay adjustment. |
| 2.  The compensation resulting from such adjustment should have been retroactive at least to the date the matter was brought to the district's attention. | 2.  The retro pay discussion was rendered moot by the district's action above! |

1

**2.      The District refused to move me into a promotional title that was duly requested and approved for me in 2001.**

The job I have right now was actually supposed to be performed under the title of *Assistant to the Managing Director* as requested by the managing director and approved by the budget office on March 19, 2001 at a salary of $85,000 (See Exhibit D).  A few months after I accepted the position, the District suddenly and without explanation pulled back the new title and instead processed a "lateral" move with my old one.  Also attached, is an email communication showing that other titles, such as fiscal manager, were considered before settling on the Assistant to the Managing Director title (Exhibit E).

**3.      The District has repeatedly denied me discretionary salary adjustment\increase which is usually given to employees in my bargaining unit.**

When the job titles of employees in my bargaining unit were adjusted during 2004-05 fiscal year as part of the "*living contract*" provision in collective bargaining, some titles were moved up the salary bracket and others were left in place; mine was among the titles that were left in place. Furthermore, as part of the title-salary review exercise, the District provided $25,000 which was to be distributed among employees in my bargaining unit to boost salaries (Exhibit F, Item 17).  I never received a dime of that money despite the fact that the District was already aware of my salary/bracket issues that were raised in 2003 and there was never a set of criteria for eligibility and/or distribution of the funds.

**4.      The District rebuffed all attempts by my immediate supervisor to rectify the bracketing problem (pay inequity) with my job title.**

An attempt by my immediate supervisor in November of 2003 to rectify the pay inequity was not granted by the District.  In fact, the District did not even acknowledge receipt of the supervisor's memo despite the fact that he had the support of the budget office and the division chief (See Exhibit G).  Of the three personnel changes requested by the managing director, only the one that pertained to me was turned down.  When the supervisor inquired about it, he was told by the Chief Human Resources Officer, Ms. Joanne Giuffrida, to stop advocating for me because the former Chief Financial Officer "*doesn't like*" me and therefore ordered the denial of the salary adjustment.

     Incidentally, this was the same CFO who also refused to sign a simple employment verification form for my administrative certification with SED despite the fact that the superintendent told him to sign it on his behalf.  He kept the form for over three months and then returned it to me unsigned.  I ended up swearing an affidavit before a notary public at a bank to satisfy this requirement.  A copy of the email communication with the CFO's secretary is attached (Exhibit H).

**5.      The District refused to add my name to the list of employees that hold administrative certificates despite the fact that I have the certificate and even submitted a copy to the Human Resources Department.**

The District refused to add my name to the list of "certificated" employees despite the fact that I filed the proper papers, and had my School Business Administrator certificate issued by the State Education Department on September 1, 2002 (See Exhibits I and J respectively).  The certificated list is the district's source for identifying and selecting employees for administrative promotion.  At first, the District denied my request without explanation (Exhibit K).  When I demanded an explanation for the refusal, I was sent a terse email containing a "fabricated" reason for the refusal —a reason that is contradicted by the State Education Department's own

guidelines.  The email also communicated an <u>unwillingness</u> by the District to meet with me about the matter (Exhibits L and M for my request for explanation and the District's response respectively).  The District's action prevented me from applying for promotional\administrative positions in the district from that point forward.

6.      **<u>The District rejected my bid for the *Director of Strategic Planning* position despite the fact that I met (even exceeded) the job requirements; the position was ultimately given to a Caucasian male.</u>**

I met all the requirements for the *Director of Strategic Planning* position advertised by the District on June 2, 2006.  I applied for the position on June 8, 2006 and interviewed for it on June 22, 2006.  The District later sent me a rejection letter saying that a more qualified person was selected; that "more qualified person" turned out to be a Caucasian male with less qualification in terms of both education and experience.

3

# **List of Exhibits**

Exhibit A:    The rank structure of the *Principal Management Analyst* job title showing my title as the highest of the four ranks.

Exhibit B:    The pay bracket (or pay grade) grid for the Mid-Level Manager's union showing *Bracket* and *Placement Point*.

Exhibit C:    Memorandum of Agreement between the Rochester City School District and ASAR.

Exhibit D:    Approval letter for my proposed upgrade/promotion by the supervisor who was seeking to hire me.  The District suddenly and without explanation pulled this title and processed a lateral move with using my old title instead.

Exhibit E:    Email communication showing that other titles, such as fiscal manager, were considered before settling on the *Assistant to the Managing Director*.

Exhibit F:    Summary of ASAR Tentative Agreement, (Item 17) referring to the reallocation of job titles with the ranges AND the distribution of $25,000 to boost salaries.

Exhibit G:    A memo by my supervisor dated November 7, 2003 seeking pay equity for me.

Exhibit H:    E-mail communication with Henry Marini's confidential secretary about his refusal to sign the attestation part of my New York State certification packet.

Exhibit I:    Copy of my formal application to the District for placement on the "certificated" promotional list.

Exhibit J:    Copy of my School Business Administrator (SBA) certificate issued by New York State on September 1, 2002.

Exhibit K:    Rejection letter by the District denying my request to be placed on the list of "certificated" employees for administrative promotions.

Exhibit L:    My memo requesting further explanation for the District's denial of my request to be placed on the list of "certificated" employees for administrative promotions.

Exhibit M:    The District's response to my inquiry.

Exhibit N:    My professional profile and work performance evaluation.

# Exhibit A

Rank Structure
**Principal Management Analyst**

Highest level:        Principal Management Analyst

Mid-high level:      Associate Management Analyst

Mid-low level:       Senior Management Analyst

Entry level:          Management Analyst

# Exhibit B

# ANNUALIZED
## "MLMSA"
## SALARY SCHEDULE
### EFFECTIVE JULY 1, 2000

| Bracket | Lower | Middle | Upper |
|---------|-------|--------|-------|
| 1 | 28,938 | 38,789 | 48,639 |
| 2 | 32,178 | 41,988 | 51,798 |
| 3 | 35,600 | 47,802 | 60,003 |
| 4 | 39,903 | 54,602 | 69,300 |
| 5 | 48,230 | 63,456 | 78,682 |
| 6 | 56,894 | 72,491 | 88,088 |

99,187

# APPENDIX C

## ASAR –Civil Service Title Salary Ranges

| Bracket A | $60,000 - $100,000 |
| --- | --- |

Senior Database Administrator
Supervisor of Technology Services

| Bracket D | $45,000 - $80,000 |
| --- | --- |

Assistant Food Service Director
Associate Architect
Asst Supervising Custodian Engineer
Coordinator of Environment Safety
Maintenance Inspector
Ombudsperson
Plant Engineer
Quality Assurance Coordinator
Supervisor of Plant Security
Supervisor of Storehouse
Youth Development Coordinator

| Bracket B | $55,000 - $95,000 |
| --- | --- |

Budget Analyst
Data Base Administrator
Internal Auditor
Manager, Financial Reporting
Senior Programmer Analyst
Senior Systems Analyst
Supervising Accountant
Supervising Custodian Engineer
Supervisor of Plant Maintenance
Supervisor Payrolls·
Technical Project Manager

| Bracket E | $40,000 - $70,000 |
| --- | --- |

Art Center Director
Hearing Officer
Purchasing Assistant

| Bracket C | $50,000 - $90,000 |
| --- | --- |

Business Systems Analyst
Bus Maintenance Supervisor
Bus Operations Supervisor
Coordinator Human Services Systems
Dir of Parent/Community Involvement
Educational Facility Planner
Grant Writer
Operations Manager, MIS
Position Control Specialist
Principal Management Analyst
Project Architect
Senior Management Analyst
Senior Systems Programmer

| Bracket F | $35,000 - $60,000 |
| --- | --- |

Administrative Assistant
Parent & School-Community Partnership Manager

| Bracket G | $30,000 - $55,000 |
| --- | --- |
| Secretary I | |

# Exhibit C

# MEMORANDUM OF AGREEMENT
## Between
## The Rochester City School District and ASAR

### June 15, 2005

The parties agree to place job titles in the ASAR Civil Service brackets as follows:

Bracket D:  Budget Analyst

Bracket C:  Senior Budget Analyst, Senior Administrative Analyst

Bracket B:  Principal Management Analyst.  If Principal Administrative Analyst and Principal Budget Analyst are created in the future, they would also be assigned to Bracket B.

The two incumbent Budget Analysts will be moved from Bracket B to Bracket D and the three Principal Management Analysts from Bracket C to B with no change in their salary or Civil Service status.

For the District:

_Joanne Guiffrida_ _____      _aug. 9, 2005_ _____
Signature                                                                   Date

For ASAR:

_Vicki M Souveia_ _____      _aug. 9, 2005_ _____
Signature                                                                   Date

# Exhibit D



RECEIVED

MAR 23 2001

ROCHESTER CITY SCHOOL DISTRICT
BUDGET OFFICE

# Rochester City School District

### Superintendent of Schools
### Clifford B. Janey

**Marie Cianca**
*Lead Principal*
Education of Exceptional Children

Rochester Free Academy

Memo to:      Valerie Wheatley

From:          Marie Cianca

Date:          3/19/01

Subject:      Special Education Budget Position

Valerie, I am following up on our conversation regarding fiscal support for the complexities in special education and student support services.  This memo is a proposal that gives the specifics of such a position.  Please let me know what else you might need and I will be happy to provide it.  I am hoping this position can be put in place soon in order to help us sort through the many issues in special education funding.

Thanks so much for your support.

Attachment

*Marie,*
*this is fine; however, you probably will share difficulty with the salary range. the upper end exceeds the salaries of Exec. Asst. to Division Chiefs.*

*Valerie*

*Approved w/ great support*

*XC: Alex*

131 West Broad Street • Rochester, New York 14614 • (716) 262-8490
Fax (716) 262-8621 • E-mail: mariecianca@rochester.k12.ny.us
RCSD incorporated in 1841