UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER IKEJIAKU | NOTICE OF MOTION TO DISMISS |
| Plaintiff, | |
| vs. | Index No.: |
| ROCHESTER CITY SCHOOL DISTRICT | 07-CV-6191 |
| Defendant. | |

PLEASE TAKE NOTICE that upon the pleadings in this action and Defendant Rochester City School District's Memorandum of Law, Defendant Rochester City School District will move this Court at a time to be determined by the Court, for dismissal, pursuant to Rule (12)(b)(1), (12)(b)(2), (12)(b)(4), (12)(b)(5) and (12)(b)(6) of the Federal Rules of Civil Procedure as well as such other and further relief as this Court may deem just and proper.

This motion is submitted on the papers. No oral argument is requested. The Defendant requests the right to submit reply papers.

Dated: October 4, 2007
Rochester, NY

ROCHESTER CITY SCHOOL DISTRICT
MICHAEL J. LOOBY, GENERAL COUNSEL

BY: _____
Cara M. Briggs, of Counsel
131 West Broad Street
Rochester, New York 14614
585-262-8412

1

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2007, I electronically filed the foregoing Notice of Motion, with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. N/A

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1. Alexander Ikejiaku
   65 Newcastle Road
   Rochester, New York  14610

                        ROCHESTER CITY SCHOOL DISTRICT
                        MICHAEL J. LOOBY, GENERAL COUNSEL

BY: _____
     Cara M. Briggs, of Counsel
     131 West Broad Street
     Rochester, New York 14614
     585-262-8412

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDER IKEJIAKU

         Plaintiff,

vs.

ROCHESTER CITY SCHOOL DISTRICT,

         Defendant.

MEMORANDUM OF LAW

Index No.:
07-CV-6191

  Defendant Rochester City School District submits this Memorandum of Law in support of its motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6). Plaintiff Alexander Ikejiaku's failure to complete service of the Summons and Complaint upon Defendant Rochester City School District within one hundred twenty (120) days of filing the Complaint, and in fact, after the statute of limitations has expired, requires dismissal with prejudice of his Title VII claims. Plaintiff fails to state Title VII or state claims upon which relief may be granted as a matter of law.

### Facts

  On April 7, 2006, Alexander Ikejiaku filed a charge of discrimination with the Equal Employment Opportunity Commission (Charge No. 525-2006-00343). According to ¶ 12 of Plaintiff's Complaint, he received the Equal Employment Opportunity Commission's Notice of Right to Sue letter on January 18, 2007. He subsequently filed the discrimination complaint with the U.S. District Court, Western District of New York, on April 13, 2007. Thereafter, the Defendant Rochester City School District was served with the Summons and Complaint in the action on September 14, 2007, one hundred fifty-four (154) days after the Complaint was filed.

### Argument

  Under Federal Rule of Civil Procedure § 4(j), failure to complete service of process within one hundred twenty (120) days after filing a Complaint warrants dismissal of this action. Although a dismissal of the Complaint under Rule 4(j) is ordinarily without prejudice, in this case, such a dismissal

1

would necessarily be a dismissal with prejudice, because the Title VII ninety (90) day statute of limitations in this matter has expired.

Although Plaintiff's original claim was filed within ninety (90) days of receipt of the Right to Sue letter as required by 42 U.S.C. § 2000e-5(f)(1), his failure to complete service within one hundred twenty (120) days pursuant to Rule 4(m), coupled with the thirty-four (34) day delay after the one hundred twenty (120) days elapsed before he completed service is fatal to his case. Plaintiff filed his Complaint on April 13, 2007, eighty-five (85) days after he received the Equal Employment Opportunity Commission's Notice of Right to Sue letter. Therefore, although the ninety (90) day statute of limitations was tolled for one hundred twenty (120) days after filing of the Complaint, the statute of limitations expired five (5) days after the tolling ceased, on August 16, 2007. *Clyburne v. Center for Comprehensive Health Practice, Inc.*, No. 04 Civ. 6695, 2006 U.S. Dist. WL 1559238 (S.D.N.Y. June 5, 2006). *Toner v. Suffolk County Water Auth.*, 220 F.R.D. 20 (E.D.N.Y. 2004); *Amney v. Del Labs*, 48 Fed. R.Serv. 3d 28 (E.D.N.Y. 2000); *Salkey v. Garrett III*, No. CV-92-0948, 1993 (U.S. Dist. WL 547461 (E.D.N.Y. Dec. 23, 1993).

## Conclusion

Based on Plaintiff's failure to serve the Summons and Complaint prior to the expiration of the statute of limitations, this action must be dismissed.

Dated: October 4, 2007  
Rochester, NY

ROCHESTER CITY SCHOOL DISTRICT  
MICHAEL J. LOOBY, GENERAL COUNSEL

BY: _____  
Cara M. Briggs, of Counsel  
131 West Broad Street  
Rochester, New York 14614  
585-262-8412

## CERTIFICATE OF SERVICE

I certify that on October 4, 2007, I electronically filed the foregoing Memorandum of Law, with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1.    N/A

And, I hereby certify that I have mailed, by the United States Postal Service, the document to the following non-CM/ECF participant(s):

1.    Alexander Ikejiaku
65 Newcastle Road
Rochester, New York 14610

ROCHESTER CITY SCHOOL DISTRICT
MICHAEL J. LOOBY, GENERAL COUNSEL

BY: _____
Cara M. Briggs, of Counsel
131 West Broad Street
Rochester, New York 14614
585-262-8412

3