UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEXANDER IKEJIAKU,

                    Plaintiff,

          v.

ROCHESTER CITY SCHOOL DISTRICT,

                  Defendant.
_____

07-CV-6191

**DECISION & ORDER**

## INTRODUCTION

Plaintiff Alexander Ikejiaku ("Ikejiaku"), proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), claiming that he was discriminated against by his employer, defendant Rochester City School District (the "District"), on the basis of his race, color and national origin. Defendant moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5) for lack of personal jurisdiction, insufficiency of process and for improper service, arguing that since plaintiff failed to serve defendant in the time allotted by Rule 4(m) of the Federal Rules of Civil Procedure, his claims should be dismissed. Further, the District contends that plaintiff's complaint should be dismissed with prejudice because not only did he fail to complete service of the Summons and Complaint upon the defendant within 120 days of filing the Complaint, but it was also after the expiration of the 90-day statute of limitations for Title VII claims. For the reasons set forth below, defendant's motion to dismiss is denied.

## BACKGROUND

Plaintiff was employed by the defendant beginning on September 25, 2000 until the present. On April 7, 2006, plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). On January 18, 2007, the EEOC issued a "right to sue" letter to plaintiff. Subsequently, plaintiff commenced this action by filing a complaint on April 13, 2007, alleging that defendant discriminated against him based on race, color and national origin. On the same day on which the Complaint was filed, plaintiff applied to the court for an order directing the U.S. Marshall Service to serve the Summons and Complaint on the defendant. The application was granted by Judge David G. Larimer on April 17, 2007. Plaintiff contends that the defendant was served with the Summons and Complaint in a timely manner on May 9, 2007, just 26 days after the filing of the complaint, but that the District "willfully and maliciously refused" to acknowledge receipt of the Summons and Complaint. See Pl. Br. at 1 (emphasis in original). The U.S. Marshall's Service attempted service on May 9, 2007, however, it appears that service of process was unsuccessful. See Docket No. 5. The defendant claims it was finally served with the Summons and Complaint on September 14, 2007, which is 154 days after the Complaint was filed.

## DISCUSSION

Defendant moves to dismiss the action arguing that plaintiff did not timely serve the Summons and Complaint within 120 days of

plaintiff's filing of the Complaint, as required by Fed. R. Civ. P. 4(j) and 4(m). Defendant further contends that although a dismissal of the Complaint under Rule 4(j) is ordinarily without prejudice, in this case, such a dismissal should be with prejudice because the 90-day statute of limitations under Title VII has expired.[1] See Def. Br. at 2. Plaintiff filed his Complaint on April 13, 2007, eighty-five (85) days after he received the EEOC's Notice of Right to Sue letter. See id. Accordingly, defendant argues that although the 90-day statute of limitations was tolled for 120 days after filing of the Complaint, the statute of limitations expired five (5) days after the tolling ceased on August 16, 2007. See id. Plaintiff, on the other hand, claims that defendant's deliberate and willful refusal to acknowledge receipt of the Summons and Complaint is in effect a fraud on the Court. See Pl. Br. at 2. Moreover, plaintiff argues that defendant is relying on a technicality to "win this case ... rather than by arguing its merits." See id.

Fed. R. Civ. P. 4(m) provides that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the

---

[1]Although plaintiff's original claim was filed within 90 days of receipt of the Right to Sue letter as required by 42 U.S.C. § 2000e-5(f)(1), his failure to complete service within 120 days pursuant to Rule 4(m), together with the 34 day delay, after the 120 days elapsed before he completed service is fatal to his case. See Def. Br. at 2.

failure, the court shall extend the time for service for
an appropriate period....

Fed. R. Civ. P. 4(m). Accordingly, Rule 4(m) provides that service of a Summons and Complaint must be effectuated on a defendant within 120 days after the filing of the Complaint. If the Complaint is not timely served, a Court may dismiss the action without prejudice, or if plaintiff has demonstrated good cause for the delay of service, direct that service be effectuated within a specified time. See Fed. R. Civ. P.4(m); see also E. Refractories Co., v. Forty Eight Insulations, 187 F.R.D. 503 (S.D.N.Y.1999).

Here, plaintiff filed his Complaint on April 13, 2007, and service should have been completed on or before August 13, 2007. However, on the same day that the Complaint was filed, plaintiff sought an Order from the Court directing the Marshall's Service to effectuate service of the Complaint, and on April 17, 2007, Judge Larimer granted plaintiff's application. It is thus apparent that plaintiff has diligently attempted to serve the defendant, and thus the thirty four day delay in service is excusable. Because the Complaint has already been served, and defendants have not alleged nor shown prejudice resulting from the delay in service, defendant's motion to dismiss is denied, and defendant shall file an Answer to the Complaint in accordance with the Federal Rules of Civil Procedure.

Further, a court may extend a plaintiff's time for service notwithstanding the showing of good cause. See Sleigh v. Charlex, Inc., 20004 WL 2126742, *5 (S.D.N.Y.2004) (citing E. Refractories,

187 F.R.D. at 506). Before doing so, the court should consider whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service. Id.

First, if plaintiff's claims were dismissed, he would be unable to maintain his action because the statute of limitations under Title VII would have run. That fact alone may constitute cause for a discretionary extension. See Johnson v. Fleet, 2005 WL 1353611, * 2 (D.Conn.2005); Fish v. Bread Loaf Constr. Co., 133 F.3d 907 (2d Cir. 1998) ("under Rule 4(m), a court may, but is not required to, allow extra time where the statute of limitations would bar refiling").[2] Second, since plaintiff served defendant a mere 34 days after his time to serve had expired, defendant will suffer little, if any, prejudice as a result of the delay in service. As such, I find that these factors warrant a discretionary extension of time and hereby deem plaintiff's service of the Summons and Complaint upon defendant on September 14, 2007, as timely. Thus, defendant's motion to dismiss is denied.

---

[2]The Advisory Committee Notes to Rule 4(m) also indicate that relieving the plaintiff from showing good cause may be justified "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in service." Fed. R. Civ. P. 4(m) Advisory Comm. Note; see also Scally v. Daniluk, 1997 WL 639036 (S.D.N.Y. 1997). Even if the Court dismisses this action without prejudice for failure to serve within 120 days, the intervening expiration of the statute of limitations will now bar commencement of a new action and plaintiff will be prevented from pursuing his claims on the merits against the District.

## CONCLUSION

For the reasons set forth above, plaintiff's service upon defendant on September 14, 2007 is hereby deemed timely and defendant's motion to dismiss is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          December 28, 2007