**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**ALEXANDER IKEJIAKU,**

|  |  |  |
|---|---|---|
| | Plaintiff | **DECLARATION OF MICHAEL E. DAVIS** |
| vs. | | |
| **ROCHESTER CITY SCHOOL DISTRICT,** | | Case No.: 07-CV-6191 |
| | Defendant | |

_____

*Pursuant to 28 U.S.C. §1746, Michael E. Davis, declares as follows:*

1.      I am Associate Counsel to the Rochester City School District's General Counsel, Charles G. Johnson, Esq. attorney for the defendant, Rochester City School District ("District").  As such, I am familiar with the facts set forth herein.

2.      This declaration is submitted in support of defendant's motion for summary judgment and for the purpose of identifying the various exhibits submitted in support of the motion.

## MOTION EXHIBITS

3.      In support of its motion, the District relies on the following exhibits:

| | |
|---|---|
| Plaintiff's Summons and Complaint | Docket Nos. 1 and 1-2 |
| Defendant's Answer | Docket No. 9 |
| October 2000 Provisional appointment letter | Exhibit A |
| March 2003 Permanent  appointment letter | Exhibit B |
| Alexander Ikejaiku April 15, 2010 deposition-excerpts of transcript | Exhibit C |
| Salary bracket table as of 2003 | Exhibit D |

| June 2005 District/Union agreement to reset bracket level for certain titles | Exhibit E |
|---|---|
| Salary bracket table as of 2005 | Exhibit F |
| Bulletin job posting for Director of Strategic Planning | Exhibit G |
| Carlisle memo recommending Mr. Ulliman for Director position | Exhibit H |

4.     In his Complaint, Ikejaiku contends that he was subjected to discrimination based on race, color and national origin [See, Docket Number 1, plaintiff's Complaint, p. 4, ¶14 (hereinafter referred to as "DN 1 or DN 1-2", followed by the page reference)]. More particularly, he alleges that the District failed to promote him and that he was subjected to salary inequity in his title (DN 1, p. 3, ¶13). Further, he supplements his statements of fact in six numbered paragraphs of "Attachment C" to his Complaint (See, DN 1, pp. 16, 17 and 18).

**SUMMARY JUDGMENT MOTION**

**STATUTE OF LIMITATIONS**

5.     The statements contained in paragraphs 1-5 of Ikejaiku's Attachment C "Statement of Facts" [See, DN 1, pp. 16 and 17) relate to actions that are alleged to have occurred more that 300 days before he filed his underlying Charge with the EEOC. Accordingly, his claims relating to those issues are time-barred. Ikejaiku filed his Charge with EEOC on March 31, 2006. Claims relating to actions taken prior to June 4, 2005 (more than 300 days before his filing) are time barred (See, Memorandum of Law, Point II).

The alleged facts set forth in paragraphs 1-5 of "Attachment C" include

the following :

1. "My job title has been in the wrong (lower) salary bracket ever since I was hired by the District in September, 2000. This means that I have been in the same salary bracket as a Caucasian male employee who is two ranks below me." (DN 1, p. 16, ¶1).

2. "The District refused to move me into a promotional title that was duly requested and approved for me in 2001" (DN 1, p. 17, ¶2).

3. "The District has repeatedly denied me discretionary salary adjustment/increase [sic] which is usually given to employees in my bargaining unit." (DN 1, p. 17, ¶3)

4. "The District rebuffed all attempts by my immediate supervisor to rectify the bracketing problem (pay inequity) with my job title." (Complaint, Attachment C, ¶4, pg. 017.)

5. "The District refused to add my name to the list of employees that hold administrative certificates despite the fact that I have the certificate and even submitted a copy to the Human Resources Department." (DN 1, p. 17, ¶5).

6. Alexander Ikejaiku testified at a deposition on April 15, 2010. Excerpts of the transcript of his testimony are submitted herewith as **Exhibit C**. Ikejaiku testified about the time frames regarding the claims described in these first five of paragraphs of Attachment C as follows (citations are to the relevant page number of Exhibit C):

**Salary and Salary Bracketing (DN 1, pp. 16 and 17, ¶¶1, 3 and 4)**

| | |
|---|---|
| Acts of discrimination beginning in July 2003 relate to the salary bracket inequity issue. | P 47 |
| It arose out of observing Charles Kaye (Caucasian male) being hired in 2003 to a lower title of Senior Management Analyst and going into the same bracket as his title. | P 71 |
| He felt in 2003 that his Principal Management Analyst position should be in a bracket higher than bracket C. | P 73 |

### Promotional Title in 2001(DN 1, p.17, ¶2)

| | |
|---|---|
| He made a request for a job title change to Assistant to the Managing Director in 2001. | P 39 |
| The issue of the title change came and went in 2001. | P 83 |

### List of certificated employees in 2003-04 (DN 1, p. 17, ¶5)

| | |
|---|---|
| Item 5 relates to his claim that the district refused to add his name to the list of employees that had administrative certificates. | P 111 |
| His complaint is that the School District Administrator certificate was not added in 2003 when he wrote to the Personnel Director about it and followed up in 2004. | P 125 |

7.      Since the allegations contained in paragraphs 1-5 of Ikejaiku's "Statement of Facts" relate to actions that are said to have occurred more that 300 days before he filed his underlying Charge with the EEOC, his claims relating to those issues are time-barred.

### THE DISCRIMINATION CLAIMS LACK OF MERIT

8.      The six numbered paragraphs of Ikejaiku's description of his discrimination issues, as set forth in his "Statement of Facts", can be summarized to include the four following claims: Salary and Salary Bracketing (DN 1, pp. 16 and 17, ¶¶1, 3 and 4); Promotional Title in 2001(DN 1, p.17, ¶2); List of certificated employees in 2003-04 (DN 1, p. 17, ¶5) and Director of Strategic Planning Position (DN 1, p. 17, ¶ 6).

9.      Each of these claims is entirely without merit.

10.      Examination of the concern he raises about the salary and salary bracketing reveals that he suffered no adverse employment action and was

4

not treated any differently than similarly situated employees. See, Memorandum of Law, pp. 11-13.

11.   The fact that the title of Assistant to the Managing Director was not created for Ikejaiku and the selection of Robert Ulliman for the position of Director of Strategic Planning were legitimate nondiscriminatory business actions. There is no basis whatsoever for Ikejaiku to contend that those decisions were motivated by issues of race, color or national origin. See, Memorandum of Law, pp. 14-15, 17-19.

12.   His complaint about being added to a list of certificated employees in 2003-2004, is based on a misunderstanding of District practices. Further, even if he made out a claim that a process was not followed, there would have been no adverse employment effect. See, Memorandum of Law, pp. 16-17.

13.   For all of the foregoing reasons and based on the papers submitted herewith, it is respectfully submitted that the District has established that plaintiff's claims of unequal treatment based on race, color and/or national origin are without merit. The plaintiff's Complaint should be, in all respects, dismissed.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed:   July 6, 2010

s/Michael E. Davis
**Michael E. Davis**